IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20271
_____


UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

                          versus

HERMILO HERRERO,

                                        Defendant-Appellant.
_____

        Appeal from the United States District Court for the
              Southern District of Texas, Houston
                      (CR-H-95-231-3)
_____
                      April 8, 1997

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Hermilo Herrero appeals his convictions for conspiracy to
possess with intent to distribute cocaine and for aiding and
abetting the possession with intent to distribute cocaine.  After
studying the briefs submitted to this court and reviewing the
record in this matter, we conclude that no reversible error
occurred and affirm the convictions.

                              I

_____

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Herrero was named, along with three other individuals, in a six-count indictment and charged with conspiracy to possess with intent to distribute cocaine (Count 1), aiding and abetting in the possession with intent to distribute cocaine (Count 2), using and carrying a firearm during and in relation to a drug trafficking offense (Count 3), and possession of a firearm by a convicted felon (Count 5).  After a jury trial, Herrero was found guilty of Counts 1 and 2 and was acquitted of Count 5.[1]

Herrero timely filed this appeal, contesting the sufficiency of the evidence, the rulings of the district court concerning the production of certain government informants and the denial of his motion for a new trial based upon ineffective assistance of counsel.

## II

### A

We turn to the facts of this case as they emerged from the evidence presented at trial.  Herrero and the other men charged in the indictment were arrested at a Houston motel after attempting to sell five kilograms of cocaine to an undercover police officer.  On the day of the bust, Herrero and Jesus Cortez[2] arrived at the motel

---

[1]Count 3 was dismissed by the court at the conclusion of the evidence.

[2]Cortez was named in the indictment with Herrero but was tried separately.

in a truck driven by Kennerson Dodd.[3]  Cortez and Herrero left the truck and went to the appointed room.  Dodd then left the motel. Once inside the room, Cortez, Herrero and the undercover officer discussed the planned transaction.  The confidential informant present in the room testified that Cortez introduced Herrero as the middleman or owner of the "merchandise."  The undercover officer told Cortez and Herrero that only one of them could go with him to count the "buy" money.  Herrero first said he would go and then suggested that Cortez go instead.  While Cortez and the officer were gone, Herrero told the confidential informant that "[t]he first deal is always the hardest."

After showing Cortez the money, the officer returned to the room and asked where the cocaine was located.  Cortez responded that it would be arriving soon in Dodd's truck.  This conversation occurred in Herrero's presence.

Dodd subsequently returned to the motel and both Herrero and Cortez left the room to meet him.  Eventually, Dodd demanded to see the "buy" money and the officer demanded to see the cocaine.  Dodd refused to allow the officer to see the cocaine until the officer turned over the money, which the officer steadfastly refused to do.

---

[3]Dodd, who was acquitted, was a co-defendant at Herrero's trial.

The officer eventually called off the deal and signaled for the arresting officers to apprehend the men.

Given these facts, it is clear to us that there was ample evidence[4] that connected Herrero to the conspiracy to violate the narcotics laws for a reasonable jury to have been convinced beyond a reasonable doubt of Herrero's guilt.[5]

---

[4]We find Herrero's argument that the testimony of Dodd regarding their presence at the motel exculpates him to be meritless. There was conflicting testimony presented to the jury, and the resolution of the credibility issues inherent in such conflicts is within the power of the jury. See Gardea Carrasco, 830 F.2d at 44. Herrero's argument that he cannot be found guilty of conspiracy because he was not involved in the planning stages of the transaction is similarly meritless. See United States v. Alvarez, 625 F.2d 1196, 1198 (5th Cir. 1980) (holding that defendant may not escape conviction merely because he played only a minor role or joined the conspiracy after its inception). Finally, we reject Herrero's argument that "any participation attributed to Herrero by Officer Garza should be rejected, as the jury in acquitting Kennerson Dodd rejected Garza's testimony but accepted Dodd's testimony, which was exculpatory to Herrero. It would be irrational for a trier of fact to reject the testimony of Garza as it related to Dodd but to accept it to convict Herrero." Juries are entitled to render inconsistent verdicts. United States v. Powell, 105 S.Ct. 471, 476-77 (1984); see also United States v. Parks, 68 F.3d 860, 865 (5th Cir. 1995), cert. denied, 116 S.Ct. 825 (1996) (holding that not guilty verdict on one count does not establish facts favorable to the defense for purpose of determining sufficiency of evidence on counts of conviction).

[5]Herrero was convicted of both conspiracy to possess with intent to distribute cocaine and aiding and abetting the possession with intent to distribute cocaine. In order to prove the offense of aiding and abetting the possession, the government must have shown that Herrero "became associated with, participated in, and in some way acted to further the possession and distribution of the drugs." United States v. Chavez, 947 F.2d 742, 745 (5th Cir. 1991). This court has previously recognized that, as a general matter, "the same evidence will support both a conspiracy and an

4

Herrero next complains that he was prejudiced by the district court's rulings concerning the disclosure and production of the confidential informants involved in his arrest. The district court denied Herrero's pre-trial request for disclosure of confidential informants, then during trial required the government to produce one informant and reveal the case file on the second informant. The first informant appeared and testified at trial, but the government reported that they were unable to locate the second informant. Herrero contends that he has been denied due process and his right to confrontation.

The first informant testified at trial and Herrero fully cross-examined him. His testimony plainly implicated Herrero, and Herrero makes no claim that he would have proceeded differently in preparing his case had he known the identity of this informant earlier. Herrero therefore fails to show any prejudice flowing from the district court's initial denial of his motion to disclose. See United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993) (denial of defendant's motion to disclose identity of informant prior to trial not error because informant testified, was extensively cross-examined, and no prejudice resulted from delay).

---

aiding and abetting conviction." Id. We therefore affirm Herrero's conviction on Count 2 on the basis of the evidence outlined above.

Herrero also complains of the failure of the government to produce the second informant. Herrero makes no showing that the second informant would have testified in his favor concerning the transaction. Both the officer and the first informant testified that the second informant "stayed in the background" during the meeting, and there appears to be no evidence that the second informant would have offered any new testimony not covered by the other eyewitnesses. Again, Herrero has failed to show prejudice as a result of the non-disclosure.

Herrero filed a motion for new trial claiming ineffective assistance of counsel. The district court denied the motion, and we review the denial for abuse of discretion. <u>United States v. Giraldi</u>, 86 F.3d 1368, 1374 (5th Cir. 1996).

In order to establish a claim of ineffective assistance of counsel, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice as a result. <u>Strickland v. Washington</u>, 104 S.Ct. 2052, 2064 (1984). To satisfy the prejudice prong of <u>Strickland</u>, a defendant must show "that counsel's error were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." <u>Lockhart v. Fretwell</u>, 113 S.Ct. 838, 842 (1993). Without a showing of prejudice, the court never reaches the question of deficiency of performance. <u>Yohey v. Collins</u>, 985 F.2d 222, 228.

Herrero's complaint is based upon comments made by his counsel during opening and closing statements. These comments related to certain of Herrero's previous convictions that were part of a pre-trial stipulation. The comments were apparently efforts by defense counsel to minimize the seriousness of the convictions.[6] These comments did not deprive Herrero of a fair trial. The testimony

---

[6]The district court noted that the "comments were clearly intended to and did leave the impression that the offenses were minor, despite their characterization as felonies."

was compelling that Herrero was an active participant in the drug transaction; thus, even if the comments were inappropriate, it cannot be said that the jury was so prejudiced by them that the entire proceeding is rendered unreliable. We hold that the district court acted within its discretion in denying the motion for new trial.

III

There was ample evidence to support Herrero's conviction for both conspiracy to possess with intent to distribute cocaine and aiding and abetting the possession with intent to distribute cocaine. A rational jury could have concluded, from Herrero's presence at the motel--combined with his actions and comments and the comments of Cortez--that Herrero was not a mere innocent bystander but was, instead, involved in the drug conspiracy. Furthermore, Herrero has failed to show prejudice as the result of either the trial court's ruling on his motion for disclosure of confidential informants or the failure of the government to produce the second informant. Finally, Herrero suffered no actual prejudice from the remarks made by counsel during opening and closing arguments and, therefore, fails to establish a claim of ineffective assistance of counsel.

For the reasons above, the judgment of the district court is
A F F I R M E D.

8